IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CHESTER DUANE MILLER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:13-CV-0070 |
| | § | |
| COUNTY COURT NO. 2, | § | |
| EL PASO COUNTY, TEXAS, | § | |
| | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION
### TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner CHESTER DUANE MILLER. By his habeas application, petitioner challenges his June 27, 2008 conviction for the misdemeanor offense of assault – family violence, out of the County Court No. 2, El Paso County, Texas, and the resultant 90-day sentence to be served in county jail. *State v. Miller*, No. 20080C06704. Petitioner complains of possible error in the supporting incident and investigation report, the trial court's purported lack of jurisdiction due to an allegedly defective information, and trial counsel's ineffectiveness in failing to discover these purported defects.

On April 23, 2013, petitioner was ordered to advise the Court whether he had fully served or discharged the 90-day sentence for the conviction he challenges in this proceeding. On April 30, 2013, petitioner advised he has fully served and discharged the sentence.

The purpose of a federal writ of habeas corpus is to provide relief to a petitioner by freeing

him from custody imposed in violation of the Constitution or laws of the United States. Consequently, in order to pursue federal habeas corpus relief, a petitioner must show he is, in fact, "in custody." *See* 28 U.S.C. §§ 2241(c).  Where a petitioner challenges his state custody, he must show he is in custody under the judgment and sentence of a state court and that such custody is in violation of the Constitution or laws or treaties of the United States.  *See* 28 U.S.C. § 2254(a); *see also Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401, 121 S.Ct. 1567, 1573, 149 L.Ed.2d 608 (2001).  <u>Specifically, the petitioner must be in custody pursuant to the conviction or sentence challenged in the federal habeas corpus petition</u>.  *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989).  A habeas petitioner does not remain "in custody" after the sentence imposed for a conviction has fully expired and the petitioner suffers no present restraint as a result of the conviction.  *Id.* at 491-92, 109 S.Ct. at 1925-26.  Where a petitioner is not "in custody" under the challenged conviction, the district court lacks subject matter jurisdiction to consider the federal habeas petition.  *Pleasant v. Texas*, 134 F.3d 1256, 1259 (5th Cir. 1998).

Petitioner has discharged and fully served his 90-day sentence in Cause No. 20080C06704, so petitioner is no longer "in custody" pursuant to the 2008 assault conviction and sentence he challenges.  This Court lacks subject matter jurisdiction to review petitioner's claims.  *See Maleng*, 490 U.S. at 490-91, 109 S.Ct. at 1925; *Pleasant*, 134 F.3d at 1259.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner CHESTER DUANE MILLER be DISMISSED for lack of subject matter jurisdiction.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 13th day of May 2013.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).